# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | | |
|---|---|---|
| PRISCILLA ELLIS, | ) | No. CV 19-1555-MWF (PLA) |
|     Petitioner, | ) | |
| v. | ) | **ORDER DISMISSING PETITION WITHOUT PREJUDICE** |
| UNITED STATES OF AMERICA, et al., | ) | |
|     Respondents. | ) | |

Priscilla Ellis ("petitioner"), a federal prisoner with Register Number 03260-180, initiated this action on March 4, 2019, by filing a document in which she requests that the Court issue an order directing the Bureau of Prisons ("BOP") to transfer her to a federal prison within 500 miles of her residence in Killeen, Texas. (ECF No. 1 at 1). Petitioner asserts that pursuant to the "First Step Act" recently signed into law, she is entitled to be housed closer to her home and family. (Id.). Specifically, petitioner requests that the Court "authorize the [ ]BOP to re-designate her within 500 driving miles of her residence which would be Carswell, Texas or within the same region as Texas, which is Dublin FCI in Dublin, CA. Again, this [is] part of the Criminal Reform Act or First Step Act signed by President Donald Trump in December, 2018 [and] was deemed law immediately." (Id.

at 2). This March 4, 2019, filing is construed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition").

In October 2017, in Case No. 8:15-cr-320-T-23TGW, petitioner was sentenced to a term of imprisonment of 480 months in the United States District Court for the Middle District of Florida after being found guilty of the following offenses: conspiracy to commit mail and wire fraud (18 U.S.C. §§ 1341, 1343, 1349); and conspiracy to commit money laundering (18 U.S.C. §§ 1956(a)(2)(A), (B)(i), & (h)). (See Florida Middle District Court, Case No. 8:15-cr-320-T-23TGW, ECF No. 762). In January 2018, in Case No. 8:16-cr-502-T-30TBM in the Middle District of Florida, petitioner was sentenced to term of imprisonment of sixty-five years, run consecutively to the 480 month term imposed in the 2017 sentencing, after being found guilty of various offenses in connection with retaliating against a witness (18 U.S.C. §§ 513(a), 1513(a)(1)(A), 1958(a)). (See Florida Middle District Court, Case No. 8:16-cr-502-T-30TBM, ECF No. 129).

According to a search of the BOP's inmate locator website, petitioner is currently housed at the Federal Medical Center ("FMC") Carswell in Forth Worth, Texas. (See www.bop.gov/inmateloc/).

The Court first considers the issue of venue. Pursuant to 28 U.S.C. § 2241, venue for a habeas action is proper in either the district of confinement or the district of conviction, and the district court in which the petition is filed may transfer the petition to such other district in the furtherance of justice. See 28 U.S.C. § 2241(d); see, e.g., Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968). The Central District of California is neither the district of confinement nor the district of conviction. Petitioner is currently confined at FMC Carswell, which is located in Forth Worth, Texas, and within the venue of the Northern District of Texas. See 28 U.S.C. § 124(a)(2). Petitioner was convicted and sentenced in the Middle District of Florida. Because petitioner is challenging the location of her confinement, the Court determines that the district of confinement, the Northern District of Texas, is the preferable forum.[1]

---

[1] The Court notes that in the Petition petitioner states she seeks a prison facility near Carswell, Texas "or within the same region as Texas, which is Dublin FCI in Dublin, CA." (ECF
(continued...)

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C.A. § 1406. "A court may not transfer an action for improper venue unless it has subject matter jurisdiction. [Citation omitted.] . . . [Moreover,] [i]t is only proper to transfer venue to a court where the case originally 'could have been brought' (i.e., the 'transferee court' must have proper subject matter jurisdiction, proper venue, and be able to exercise personal jurisdiction[])." Abrams Shell v. Shell Oil Co., 165 F.Supp.2d 1096, 1103 (C.D. Cal. 2001).

As stated above, petitioner is currently housed at FMC Carswell. The Court notes that the envelope that contained the Petition and was mailed to this Court has the return address of FMC Carswell. (See ECF No. 1 at 3-4). Accordingly, it is not at all clear why petitioner filed the Petition seeking housing at FMC Carswell if she was already housed at that location when she gave her Petition to prison authorities for mailing to the Court.

Additionally, petitioner's sole claim in the Petition is that the BOP, in accordance with the recently enacted First Step Act (Pub. L. No. 115-391, 132 Stat. 5194 (2018)), is required to house her in a facility that is located within 500 driving miles of her residence as set forth in 18 U.S.C. § 3621(b).[2] However, Section 3621(b) explicitly states that "a designation of a place of

---

[1](...continued)
No. 1 at 2). Given petitioner's stated desire to be housed near her home and family in Texas, it is not at all clear why petitioner references a federal facility in Dublin, California. Whether or not the reference to FCI Dublin was inadvertent, it has no bearing on the venue analysis. Moreover, the Court notes that FCI Dublin is located in the Northern District of California, and not in this district. See 28 U.S.C. § 84(a).

[2] Section 3621(b) states in pertinent part: "The Bureau of Prisons shall designate the place of the prisoner's imprisonment, and shall, subject to bed availability, the prisoner's security designation, the prisoner's programmatic needs, the prisoner's mental and medical health needs, any request made by the prisoner related to faith-based needs, recommendations of the sentencing court, and other security concerns of the Bureau of Prisons, place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence. The Bureau shall, subject to consideration of the factors described in the preceding sentence and the prisoner's preference for staying at his or her current facility or being transferred, transfer prisoners to facilities that are closer to the
(continued...)

imprisonment under this subsection is not reviewable by any court." Accordingly, there is no jurisdiction for any federal court to review the BOP's housing designation under Section 3621(b).

Under these circumstances -- where not only venue in this district is improper, but jurisdiction is also lacking and, in any event, petitioner's request to be housed at FMC Carswell has already been satisfied, thus rendering her request for relief moot -- transfer of the Petition to the Northern District of Texas is not appropriate. Not only does this Court lack subject matter jurisdiction to effect such a transfer (see Abrams Shell, 165 F.Supp.2d at 1103), but transfer of this action to Texas would also be futile because the ultimate result -- dismissal for lack of jurisdiction and/or mootness -- would not be changed.

Accordingly, for the above reasons, the Court dismisses the Petition without prejudice.

DATED: March 26, 2019

/s/ Michael W. Fitzgerald
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

---

[2](...continued)
prisoner's primary residence even if the prisoner is already in a facility within 500 driving miles of that residence."

4